## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| REGINALD MARCOTTE, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 2:16-cv-14492 |
| ) | |
| v. ) | Judge: |
| ) | |
| ENTERPRISE RECOVERY SYSTEMS, ) | Magistrate Judge: |
| INC., NAVIENT SOLUTIONS, INC., and ) | |
| UNITED STUDENT AID FUNDS, INC. ) | |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, REGINALD MARCOTTE ("Plaintiff"), through Plaintiff's attorney, VARADI, HAIR & CHECKI, LLC, alleges the following against Defendants, ENTERPRISE RECOVERY SYSTEMS, INC. ("ERS"), NAVIENT SOLUTIONS, INC. ("NSI"), and UNITED STUDENT AID FUNDS, INC. ("USAF") (jointly "Defendants"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, the Louisiana Unfair Trade Practices and Consumer Protection Act ("LUTPA"), La. R.S. § 51:1401 *et seq.* and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, 15 U.S.C. § 1692k, and 15 U.S.C. § 1693(m).

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

4. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District and a material portion of the events at issue occurred in this District.

**PARTIES**

5. Plaintiff is a natural person residing in Gretna, Louisiana.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3), La. R.S. § 51:1402, and 15 U.S.C. § 1681a(c).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. ERS is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. ERS attempted to collect a consumer debt from Plaintiff.

10. ERS is domiciled in Woodridge, Illinois.

11. ERS is a business entity engaged in the collection of debt within the State of Louisiana.

12. ERS's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

13. ERS regularly collects, or attempts to collect, debts allegedly owed to third parties or using a name other than its own.

14. During the course of its attempts to collect debts allegedly owed to third parties, ERS sends to alleged debtors and third parties bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors and third parties via various means of communication.

15. NSI is a corporation domiciled in Wilmington, Delaware, doing business in Louisiana.

16. NSI is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

17. USAF is a corporation domiciled in Indianapolis, IN, doing business in Louisiana.

18. USAF is a furnisher of information as contemplated by 15 U.S.C. § 1681s-2(b) that regularly and in the ordinary course of business furnishes information to a consumer credit reporting agency.

19. Defendants are persons as defined by La. R.S. § 51:1402.

20. Defendants are involved in trade or commerce as defined by La. R.S. § 51:1402.

21. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

22. Defendants' agents, employees, officers, members, directors, and representatives were working the course and scope of their employment when taking the actions stated herein.

23. Defendants are liable for their own actions and omissions stated herein, as well as those taken on Defendants' behalf, or within their direction, supervision, or control.

24. NSI is liable for all actions of its predecessors through express or implied agreement and as a mere continuation of its predecessors.

## FACTUAL ALLEGATIONS

25. Defendants are attempting to collect an alleged consumer debt from Plaintiff.

26. The alleged debt at issue arose from transactions for personal, family, or household purposes.

27. In or around May, 2016, ERS, on behalf of USAF and NSI, served a federal wage garnishment on Plaintiff's employer, Turner Industries Group, LLC ("TIG") pursuant to 20 U.S.C. § 1095a.

28. Defendants are currently garnishing Plaintiff's wages to satisfy an alleged debt of $954.28 owed to USAF and NSI.

29. Plaintiff owes no debt to USAF or NSI.

30. Pursuant to 20 U.S.C. § 1095a, at least 30 days prior to initiating the garnishment, Defendants were required to send Plaintiff written notice of their intent to initiate proceedings to collect the alleged debt through deductions from pay, including an explanation of Plaintiff's rights under the law.

31. Defendants sent no notices to Plaintiff whatsoever before initiating the garnishment.

32. Defendants were further required to afford Plaintiff a right to (1) inspect and copy

records relating to the debt, (2) have a hearing concerning the existence or amount of the alleged debt, and (3) attempt to establish an agreement for a repayment schedule for the alleged debt.

33. Plaintiff was afforded none of the above rights.

34. Prior to the garnishment, Plaintiff was contacted by a third party debt collector attempting to collect the debt on behalf of USAF and NSI.

35. In response to these collection efforts, Plaintiff contacted USAF and NSI in order to obtain documents relating to the alleged debt including the original promissory note for the debt.

36. USAF and NSI refused to provide Plaintiff with any documentation related to the alleged debt.

37. USAF and NSI reported information to the credit reporting agencies that is inaccurate.

38. USAF and NSI failed to provide written notice to Plaintiff that it furnished negative information regarding an alleged debt to the credit reporting agencies.

39. USAF and NSI failed to properly investigate and correct inaccurate information Plaintiff disputed pursuant to 15 U.S.C. § 1681i.

40. Defendants are collecting amounts not due or owing.

41. Defendants are collecting amounts not authorized by contract or law.

42. Defendants have falsely represented the amount, nature, and character of Plaintiff's alleged debt.

43. Defendants have threatened to take and taken action that cannot legally be taken.

44. ERS's order of withholding appears, and is designed to appear, as if it was sent by USAF, however, upon information and belief, it was sent by ERS.

45. ERS's order of withholding was false, deceptive, and misleading.

46. Defendants are familiar with the FDCPA.

47. The natural consequence of Defendants' statements and actions was to cause Plaintiff mental and emotional distress.

48. Plaintiff has suffered financial and economic losses due to the actions of Defendants.

## VIOLATIONS OF THE FDCPA

49. The preceding paragraphs are incorporated as if fully stated herein.

50. ERS is liable under 15 U.S.C. § 1692e for making false, deceptive, and misleading representations regarding the alleged debt.

51. ERS is liable under 15 U.S.C. § 1692f for using unfair and unconscionable debt collection methods.

## VIOLATIONS OF THE LOUISIANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

52. The preceding paragraphs are incorporated as if fully stated herein.

53. The Defendants' actions stated herein were unfair and deceptive as defined by La. R.S. § 51:1405.

54. The Defendants' actions stated herein were done knowingly as defined by La. R.S. § 51:1402.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

55. The preceding paragraphs are incorporated as if fully stated herein.

56. The acts and omissions stated herein constitute numerous and multiple willful, reckless or negligent violations of 15 U.S.C § 1681s-2.

## CONVERSION

57. The preceding paragraphs are incorporated as if fully stated herein.

58. Defendants intentionally and wrongfully exercised permanent dominion over Plaintiff's property.

59. Defendants are liable to Plaintiff for conversion of funds.

## JURY DEMAND

60. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that judgment be entered in Plaintiff's favor and against Defendants, including the following relief:

1. An injunction requiring Defendants to cease all collection efforts against Plaintiff for the alleged debt.

2. Statutory damages under the FDCPA and FCRA.

3. All actual damages suffered by Plaintiff pursuant to 15 U.S.C. § 1692k, 15 U.S.C. § 1681n, and La. R.S. § 51:1409.

4. Trebled damages suffered by Plaintiff for Defendants' knowing use of deceptive acts or practices pursuant to La. R.S. § 51:1409.

5. All costs and attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1692k, 15 U.S.C. § 1681n, and La. R.S. § 51:1409.

6. Any punitive damages the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2)

7. Any other relief this Court deems appropriate.

DATED:  September 6, 2016                      RESPECTFULLY SUBMITTED,


*/s/ Samuel J. Ford*
Samuel J. Ford, Esq. #36081
Varadi, Hair & Checki, LLC
909 Poydras St., Ste. 1100
New Orleans, LA 70112
ford@vhclaw.com
Phone: (504) 684-5200
Fax: (504) 613-6351
Attorney for Plaintiff